H                    **IN THE UNITED STATES DISTRICT COURT**
                     **FOR THE MIDDLE DISTRICT OF GEORGIA**
                              **ALBANY DIVISION**

| | |
|---|---|
| DEBORAH GAIL ELLIS, ET. AL., On Behalf of Themselves and Others Similarly Situated, : : : | |
| Plaintiffs, : : : | |
| vs. : : | 1:04-CV-80 (WLS) |
| PHOEBE PUTNEY HEALTH SYSTEMS , INC., ET. AL., : : : | |
| Defendants. : : : | |

### ORDER

Currently pending before the Court is Plaintiff's motion to alter judgment and for reconsideration of the order granting Defendant Phoebe Putney Health System, Inc.'s motion to dismiss. (Tab 53). Also, pending is Defendant's motion to alter the judgment granting Defendant's motion to dismiss. (Tab 54). A hearing was held on the original motion to dismiss in this case and in two nearly identical cases on March 11, 2005. For the following reasons, Defendant's motion to alter the judgment (Tabs 54) is **GRANTED** and Plaintiff's motion to alter judgment or for reconsideration is **DENIED.**

### DISCUSSION

Both parties correctly point out that in this particular case the Court inadvertently missed

1

the fact that in her first amended complaint, Plaintiff added, among other claims, claims for violation of the Fair Debt Collections Practices Act (Count 11) and violation of Plaintiff's due process rights pursuant to 42 U.S.C. § 1983 (Count 12).[1] As mentioned above, the Court did hear arguments on these unaddressed claims in the consolidated hearing on March 11, 2005. While the Court did not address these Counts in its previous order granting Phoebe's motion to dismiss, it did address these Counts in the order granting Defendant's motion to dismiss in Corley v. John D. Archibold Memorial Hospital, 1:04-cv-110 (WLS).

A motion for reconsideration or to alter a judgment should be limited to three circumstances: (1) where there is newly discovered evidence; (2) where there is a new development or change in case law; or, (3) where the Court needs to correct a clear error of law or fact. Bryan v. Murphy, 246 F.Supp.2d 1256 (N.D.Ga. 2003). The parties are correct, and the Court acknowledges, that the failure to address Counts 11 and 12, satisfies the standard to alter the judgment in this case.

Even so, the Court addressed those identical Counts as alleged against John D. Archibold Memorial Hospital. As to the Fair Debt Collections Practices Act claim, the Court found as a matter of law that the Hospital was not a debt collector as defined by the act. Corley v. John D. Archibold Memorial Hospital, 1:04-cv-110 (WLS) (Tab 45). Upon review and consideration, the Court finds the same can be said of Phoebe in this case, because if Phoebe is engaged in abusive conduct, it is trying to collect its own debt. Therefore, Defendant's motion to alter the judgment to dismiss Plaintiff's claim brought pursuant to the Fair Debt Collections Practices Act (Tab 54)

---

[1]. The other Counts were addressed in the order. Some were dismissed prior to the hearing.

is **GRANTED.**  Plaintiff's motion for reconsideration or to alter the judgment (Tab 53), beyond that herein granted as a part of Defendant's motion,  is **DENIED.**  Plaintiff's Fair Debt Collections Practices Act claim is **DISMISSED with prejudice.**

While not conceding the Fair Debt Collections Practices Act claim, Plaintiff vigorously argues that its § 1983 claim should withstand Phoebe's motion to dismiss.  Again, this Court directly addressed this identical claim in the Archibold case.  The Court stated:

> Count XII, the § 1983 claim, contains an extensive recitation of the state and federal programs in which Defendant participates. According to Plaintiff, these programs require Archibold to charge patients who participate in the programs a discounted rate for medical car [sic] while Archibold allegedly charges non-participating uninsured and indigent patients the standard rate for the same care. (Tab 1, ¶¶ 135-154).  After reviewing these programs, Plaintiff alleges that Archibold's treatment of the non-participating uninsured and indigent patients violates the equal protection clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution because these disparate fee schedules allegedly adversely impact racial minorities who are disproportionately represented by the uninsured and indigent patients. (Tab 1, ¶¶ 155-158).
> As with Plaintiff's other federal claims, Defendant assumes without conceding that its conduct violated and continues to violate uninsured and indigent patients' rights.  Even so assuming, Plaintiff's claim must fail because § 1983 requires a governmental actor, *i.e.* state action.  The Eleventh Circuit has stated, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (private hospital found not to be a state actor for § 1983 purposes).
> To plead a *prima facie* claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct was done by a person acting "under color of state law" and that the conduct deprived the plaintiff of a constitutional right. Harvey, 949 F.2d at 1130.  Plaintiff's extensive pleading concerning Defendant's participation in state and federal health programs notwithstanding, Plaintiff has not shown that Defendant was a state actor or acting under color of law.

> The Eleventh Circuit requires the district court to inquire whether the alleged wrongful conduct can be attributed to the state. Randell-Baker v. Kohn, 457 U.S. 830 (1982). The Supreme Court directs the court to focus on the specific conduct in question. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999). The specific conduct complained of in this case is that of overcharging uninsured and indigent clients and attempting to collect the debt. Even assuming the conduct is illegal, the Court cannot see, and the Plaintiff has not shown, how the state is responsible for the conduct. As matter of law, Defendant was not acting under color of law.[2] Therefore, Defendant's motion to dismiss (Tab 8) Plaintiff's § 1983 claim is **GRANTED.** Count XII is **DISMISSED with prejudice.**

Corley v. John D. Archibold Memorial Hospital, 1:04-cv-110 (WLS) (Tab 45). Upon review and consideration, the Court finds that the same analysis applies to the § 1983 claim asserted against Phoebe. Therefore, Defendant's motion to alter the judgment to dismiss Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 (Tab 54) is **GRANTED.** Plaintiff's motion for reconsideration or to alter the judgment (Tab 53), to the extent it requests relief beyond that granted herein in response to Defendant's motion, is **DENIED.** Plaintiff's 42 U.S.C. § 1983 claim is **DISMISSED with prejudice.**

**SO ORDERED**, this  6th  day of December, 2005.

     /s/W. Louis Sands     
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2]. Defendant also argues, in the alternative, that Plaintiff cannot show that a fundamental right has been violated or that Plaintiff is a member of a protected class. As Defendant was not acting under color of law, there is no need to address and decide these alternative arguments.